UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **ROBERT HROBOWSKI,** | ) |
| | ) |
|     **PLAINTIFF,** | ) |
| | ) |
| **V.** | ) **CIVIL ACTION NO.**_____ |
| | ) |
| **ASKEW FRAZIER,** | ) |
| **TYSON FOODS INC. OF** | ) |
| **ALABAMA,** | ) |
| | ) |
|     **DEFENDANTS.** | ) |

## NOTICE OF REMOVAL

COME NOW the Defendants, improperly designated as **Tyson Foods Inc. of Alabama ("Tyson")** and **Askew Frazier** and file this Notice of Removal in this cause from the Circuit Court of Dallas County, Alabama, in which it is now pending, to the United States District Court for the Southern District of Alabama, and show unto this Honorable Court the following:

1. On March 17, 2020, Plaintiff Robert Hrobowski initiated this action by filing a complaint in the Circuit Court of Dallas County, Alabama styled *Robert Hrobowski v. Tyson Foods Inc. of Alabama, et al.*, Civil Action No. 27-CV-2020-900067. The lawsuit arises from a motor vehicle accident that occurred on June 9, 2018. Plaintiff alleges, *inter alia*, that his vehicle was struck by defendants' tractor-trailer in Dallas County, Alabama due to the negligence/wantonness of Mr. Frazier

who was driving a truck for Tyson (Complaint, ¶ 5-18). Plaintiff further asserts claims for negligent/wanton supervision, hiring, training, entrustment, retention, maintenance, service and/or repair. (Complaint, ¶ 20-26).

2. The United States District Court for the Southern District of Alabama, encompasses the geographic area of the Circuit Court of Dallas County. The Case Action Summary for this case, from the State Judicial Information System web site, Alacourt.com, is attached as "**Exhibit A**." Copies of all process, pleadings, and orders served in the state court are attached hereto as "**Exhibit B**."

3. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action originally filed in state court to federal district court when the district court has original jurisdiction to consider the case. "Original jurisdiction requires diversity of the parties or the existence of a federal question." *Lost Mountain Homeowners Ass'n, Inc. v. Rice*, 248 F. App'x 114, 115 (11th Cir. 2007). This Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) as Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

### Complete Diversity of Citizenship Exists

4. Complete diversity of citizenship existed among these parties at the

time the lawsuit was filed in state court and on the date of this Notice of Removal.[1] Plaintiff is a resident and citizen of Alabama. (Complaint, ¶ 1). Tyson Foods Inc. of Alabama, which is not a legal entity, merged into Tyson Farms, Inc. in 1999. (See Alabama Secretary of State Records for Tyson Foods of Alabama, Inc. attached hereto as **Exhibit C**). Tyson Farms, Inc. is a foreign corporation with its principal place of business in the State of North Carolina. (See Alabama Secretary of State Records for Tyson Farms, Inc. attached hereto as **Exhibit D**). Thus, Defendant Tyson is not a citizen of the State of Alabama but rather a resident citizen of the State of North Carolina for purposes of diversity jurisdiction.[2]  28 U.S.C. § 1332(c)(1); *see Haxton v. State Farm Mut. Auto. Ins. Co. Bd. Of Directors*, No. 3:13cv485/MCR/EMT, 2014 U.S. Dist. LEXIS 98649, at *22-24 n.10 (N.D. Fla. June 17, 2014) (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 n.2 (11th Cir. 2006)) (district court may take judicial notice of a defendant corporation's citizenship based on reference to public records). Defendant Frazier is a resident and citizen of the state of Mississippi. (Complaint, ¶ 2).  Thus, Defendant Frazier is not a citizen of the State of Alabama. As such, complete diversity exists between the plaintiff and defendants.

---

[1] The citizenship of fictitious defendants is disregarded in determining whether an action is removable on diversity grounds. 28 U.S.C. § 1441(b)(1).
[2] The actual correct and proper entity is Tyson Sales and Distribution, Inc., which is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Arkansas.

## The Amount in Controversy Exceeds $75,000.00

5.  The amount in controversy in this action exceeds the jurisdictional threshold of $75,000.00, exclusive of interests and costs.  In *Roe v. Michelin*, the 11th Circuit Court of Appeals explained a defendant's burden where a complaint is silent as to the amount of damages sought (*as is the complaint is in this case*):

> If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010).  In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *See id*. at 754 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316,1319 (11th Cir. 2001)).

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden.  In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at 771.  Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (Explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations"

from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F.Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams*, 269 F.3d at 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

6. Moreover, the plaintiff made a settlement demand in the amount of $100,000.00. (**Exhibit E**). Consideration of a settlement demand/offer is proper in determining whether to remove and/or remand a case. See Bankhead v. American Suzuki Motor Corporation, 529 F. Supp. 2d 1329 (M.D. Ala. 2008) ("This court agrees with American Suzuki that a settlement letter is admissible evidence of the amount in controversy at the time of removal."); see also Progressive Specialty Ins. Co. v. Nobles, 928 F. Supp. 1096 (M.D. Ala. 1996); Dozier v. Kentucky Finance Co., Inc., 2003 WL 2369213 (S.D. Ala. 2003).

7. As further support that the amount in controversy is met, plaintiff alleges he suffered injuries to various portions of his body, including but not limited to neck, back, head, legs and arms; he suffered aggravations of pre-existing conditions; pain and suffering; future pain and suffering including surgery; past and future mental anguish; he was permanently injured, disfigured and damaged; he was

caused to incur medical expenses; and is reasonably certain to incur personal injury medical expenses in the future. (Complaint, ¶ 10).  In addition, Plaintiff seeks an award of compensatory and punitive damages.  (*See* Complaint).  These averments establish the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See Bush v. Winn Dixie Montgomery, LLC*, No. 2:15-cv-1133-WMA, 2015 U.S. Dist. LEXIS 115272, at *3 (N.D. Ala. Aug. 31, 2015) (citing *Roe v. Michelin*) (though complaint lacked ad damnum clause, its allegations that plaintiff incurred medical expenses for "pain and suffering, permanent injuries, continuing injuries, and mental anguish" were sufficient to establish the amount in controversy); Memorandum Opinion and Order at 7-8, *Dina Coleman v. Dollar General Corp.*, No. 2:15-cv-01735-KOB (N.D. Ala. Dec. 18, 2015) (citing *Roe v. Michelin*) (denying motion to remand where complaint alleged "extreme pain and mental anguish, substantial medical expenses, and permanent injury"); *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more.  Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden");  *Green v. Wal-Mart Stores*

*East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages.  Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000"); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Gates v. 84 Lumber Co.*, 2015 WL 2345427 (S.D. Ala. 2015) (demand for damages for disability, disfigurement, lung cancer, great physical pain, great mental anguish, large medical bills and large amounts of loss income place amount-in-controversy exceeding the jurisdictional threshold.).

7.  This Notice of Removal is timely filed as it has been filed within 30 days from the date of service of the summons and complaint.  28 U.S.C. § 1446(b)(1); *Fabre v. Bank of Am., NA*, 523 F. App'x 661, 663 (11th Cir. 2013) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (U.S. 1999)).

8.  Contemporaneous with the filing of this Notice of Removal, a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Dallas

County, Alabama, and served upon counsel or all adverse parties as provided in 28 U.S.C. § 1446(d).  Additionally, a Notice of Filing Notice of Removal, which is attached as **Exhibit F**, is being served upon the plaintiff.  Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended, this action is properly removed to this Court.

9. By filing this Notice of Removal, Defendants do not waive any of their defenses, including, but not limited to, any defenses under Rule 12, FED. R. CIV. P.

    _s/ Andrew P. Anderson_____
    Thomas L. Oliver, II
    Andrew P. Anderson
    *Attorneys for Defendants*

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL 35216
Telephone:  (205) 822-2056
Facsimile:  (205) 822-2057

## CERTIFICATE OF SERVICE

      This is to certify that on this the 20th day of April, 2020, a copy of the foregoing document has been served upon all counsel of record listed below by the following method:

    ___        mailing the same by first-class United States mail, properly addressed and postage pre-paid.

    _x_        via E-file

C. Todd Buchanan
SHUNNARAH INJURY LAWYERS, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233
*Attorney for Plaintiff*

                                              _s/__Andrew P. Anderson_____
                                              OF COUNSEL